Good morning, everyone, and welcome to the Ninth Circuit. We'll take the cases in the order on the day sheet. The first case for argument is United States v. Tommy Hanson. Good morning, Your Honors. John Ballas on behalf of the defendant, Tommy Hanson. I'm intending to reserve two minutes for rebuttal and to focus on the sentencing arguments in my brief. The District Court imposed an illegal five-year sentence here after revoking Mr. Hanson's supervised release in his 2005 case because the statutory maximum at the time of the underlying offense was only two years' imprisonment. We know the five-year was in error, but both parties agree that we're reviewing it for plain error because there wasn't an argument based on the time frame. Is that right? Well, in my reply brief, there was a recent Ninth Circuit case, Weegee-Goudartner. Putting that one aside because you mentioned it for the first time in the reply brief, but putting aside the possibly erroneous approach we've taken of reviewing plain error de novo, we're basically looking at this for plain error. Is that right? You're not raising the claim that you objected to it? No, we didn't object to it. Okay. I do think even though I raised it for the first time in the reply brief, I presented the ex post facto issue. I may have gotten the standard of review wrong, but I think that is still appropriate given the recent Ninth Circuit case that specifically applied de novo review to an ex post facto violation at sentencing, that that should be the standard here. Let me ask you my next question. Let's assume for the moment that I at least don't believe de novo review is appropriate, but the third prong of plain error review would say there's a reasonable probability of a different outcome. Here the district court could not have been more clear that he intended to impose a 20-year sentence, and he backed into it based on his, as we now know, erroneous belief that there was a five-year mandatory minimum on the 3583K supervisory lease prong. How do we say that there's plain error given that the district court made it as clear as he could that he was looking for a 20-year sentence? Well, I would disagree that the judge made it very clear that he would have imposed a 20-year sentence either way, and the reason is that the judge was looking at it in the context that the mandatory minimum was 20 years. On the supervised release case, he believed that there was a five-year mandatory minimum, and in the new case, he believed the statutory range is 15 to 40. So when he's talking about the sentencing, he goes through it, and so he knows that the lowest sentence he could possibly impose is 20 years. In fact, his statements specifically refer to the mandatory minimum, and it's at least very plausible that he was targeting or focusing his sentence based on the mandatory minimum. At the excerpt of record, page 28, after initial discussion of the sentence of what he's going to impose, he says, that's what leads me to think that when Congress said that someone in your situation should serve at least 15 years, I think that's reasonable because we're trying to protect the public. So he refers to the mandatory minimum. He refers to what Congress said, and then he says it. Then the second point responding to the court's question would be that the pre-sentence report recommended a 15-year sentence in the new case, and the court on the next page, excerpt of record 29, refers to following the pre-sentence report, which recommended 15 years in the new case to run consecutive to the sentence the court imposed in the other case. Of course he didn't do that. So he says, I think a 20-year sentence is sufficient but not greater than necessary to satisfy the sentencing goals. And then he says, the way I get there, because I have to follow the legal framework, is this. And then he explains how he's putting it together. But again, it's in the context of him knowing that the 20 years is the mandatory minimum sentence. He might have very well said the same thing if he thought the mandatory minimum was 17 years. We need a hefty sentence to punish him, to take into account all the 3553A factors. And he did know, and I think it's also significant, that there was a challenge the Tenth Circuit had determined that Section 3583K was unconstitutional. He rejected that opinion. But he didn't rule that if it was later determined that it was unconstitutional, I would impose the same sentence. Well, then if that's so, was the court trying to impose a packaged or bundled sentence? Well… It seems to me that based on what you've just argued, and based on how you've responded to Judge Shikuta's questions, that the court was saying, I'm going to give 15 years, and I'm going to give a mandatory minimum on the second part, whatever it is. And if it had been two, he'd have got 17. If it had been five, he'd have got 15. But then are we saying that this is a packaged or a bundled sentence?  Why is it not? That he was concerning the two sentences together. To me, then, if it's a packaged or bundled sentence, do we have any precedent in this circuit that suggests one can impose a packaged or bundled sentence for a new offense and a revocation offense? No. Is that available, then, in our circuit? So I cited the only case I kind of found on point was, granted, an unpublished Fifth Circuit case that found, in fairly similar circumstances, where the court imposed a 33-month sentence on a supervised release violation where the maximum was 24 months, and the defendant had challenged the conviction in the new case, and it reversed and vacated the sentence in the old case but affirmed in the new one. Okay. And that would be my position, especially because of the cross-appeal rule. You suggest there's a cross-appeal problem, but if there's a packaged or bundled sentence, we don't need a cross-appeal. Well, it's definitely not a ñ it doesn't follow the sentencing bundle package. There is no reason for the government to appeal a packaged or bundled sentence. And so if it's a packaged or bundled sentence, the government wouldn't have to appeal at all. Well, I think my position would be you should look at the two sentences separately. Well, I understand you want us to do that, but I'm suggesting, even with your argument to Judge Ikuda, that this is a packaged or bundled sentence, and if it's a packaged or bundled sentence, then the government wouldn't need to appeal. And if, in fact, there's an error, then we'd send everything back to the district judge to redo. Let me just add on. Is there a case that would preclude us from doing that? I saw cases that allowed this to occur where they were multi-count indictment, but I didn't see any case suggesting that we didn't have the authority to do it. And perhaps you can enlighten me. I didn't find any case either way that said the court can do it or can't do it. Like, the court is right. The sentencing package doctrine is typically done where there's one judgment, multiple counts. Typically done. It seems like a step here above that. Go ahead. No, no, finish your question. When I looked at the cases and what our authority was, what the reasoning was, when I got back to the initial cases, it was this is a practical approach. There was no authority that was listed. So if we thought it was practical to do that, there's nothing that stops us that you're aware of. No, there is another policy consideration. I think it may deter defendants that have two cases to actually exercise their right to appeal when they want to challenge a conviction if they're going to risk then losing their results in the other case. And in this case, we did not ask that the case be consolidated. The courts who respond say for efficiency reasons. Counsel, before you sit down, could you touch on the Alleen issue? Because we do have a jury verdict here that found the basis for the supervised release revocation, which then triggered the statutory punishment. And I don't see a double jeopardy or an apprendee problem with that. Am I missing something? Well, I guess the initial question is whether or not this statute, those two sentences in question, are facially invalid and unenforceable or that you can remedy it by engrafting a jury trial right as a remedy. Clearly we have, by proof beyond a reasonable doubt, a determination that a subsequent identical violation occurred and that also forms the basis for the revocation of supervised release. I think that's true. The only thing I was thinking about, the only thing is on the old case, there may be an additional element that the defendant had to commit the new offense while on supervised release. There's no jury finding as to that element. But you made a double jeopardy argument, and it seems to me that our case law says that when a defendant commits a supervised release violation, he's actually breaching the trust that the court has imposed upon him, and that's a separate justification for sending him back to prison without regard to the punishment that will be imposed upon him for the subsequent criminal violation. That's true. I think the Hayman decision somewhat undercuts that, in that now it is looking at the 3583K five-year sentence for a new offense to actually be part of new punishment that puts the Sixth and Fifth Amendment implications into play. But if I could, Judge, it seems to me then, based on your argument, it would totally make sense to send all this back to the district court because it's a packaged, bundled sentence and because then the district court could consider the arguments you want to make under Hayman and impose whatever sentence the district court would want to impose. Well, I think if the court did remand it, the Hayman issue becomes moot. Okay. Because of the ex post facto problem, there would be a two-year maximum. Well, that's going to be my next question, I guess. With the proper sentence thereafter, could the district court impose up to a 17-year sentence or up to a 20-year sentence based on what the precedent is? I'm talking about the precedent we have in Greenwich as well as other places. How high could the sentence go? That's an interesting question. Well, that's why I asked you and I wanted your input. I think our position would be the lower number would be the maximum sentence. That may be your preference. But what case says that the best the district court could give your client is 17 years? Because I couldn't find one. So I could find maybe Greenwich says it could be 20 years, but maybe it doesn't. So I'm asking your input and a case which could support that input. I don't have any case law that would directly on point. I do think there's a general presumption against vindictiveness at sentencing against increasing the sentence. And the question would be, do you look at the two sentences together or individually? But I thought we had case law that said that you can't enhance a sentence on appeal where there has been no challenge to the sentence, as you point out. That's Green law. That's a Supreme Court case. Yeah. So, I mean, doesn't that protect your client in response to Judge Smith's question from getting more on the other count of conviction than what the district court imposed the first time around? I think that would be our argument, yes. Green law— It doesn't really say that. That's the question. I mean, if it's a sentencing package, the judge then has a right to look at everything again. And I'm still—I mean, I can see what Judge Tallman's saying as it relates to vindictiveness. That may be an issue. But other than vindictiveness, I don't see how green law suggests that the judge has to stay at 17. Why can't they get up to 20? Why not more? Well, I think green law has some support, but I have not been able to find a case directly on point in this context, either way. All right. That's the end of my questioning. Well, we'll give you a minute for rebuttal. We took you way over your time. Thank you. Thank you. Good morning, and may it please the Court. My name is Robert Parker for the United States. I'd like to begin with the question of plain error because, in our view, there is no need to remand this. The district court sentence could simply be affirmed. The district court made crystal clear at sentencing that it viewed this as a package deal. It viewed 20 years as the overall appropriate sentence. It considered all of the Section 3553A factors relevant to that. What if I don't agree? What if I don't agree that the district court said it was going to do 20 years? What if I say the district court didn't say that at all? The district court said we're going to give him 15 years and whatever is the excess that I have to impose. And so, therefore, if it's 2, it would be 17. But because nobody told him it was 2, it was 20. It doesn't seem to me that this transcript is so crystal clear that that's exactly that he wanted 20. Well, I think there are two responses. Where in the transcript is it so clear that he absolutely wanted 20 instead of 15 plus whatever was the excess? Well, I think at pages 28 and 29, this is where the district court discusses this. Okay. And that's your best. Well, but I think it's important to remember that the district court had just gone through a lengthy discussion of the 3553A factors. And it then said that it viewed the overall sentence for the two matters, the revocation matter and the criminal matter, the overall sentence as 20 years. Well, the reason it was 20 years is because he thought there were mandatory things that he had to apply as to 15 and 5. If he had known 15 and 2, he wouldn't have been saying 20 years at all. Well, I think 15 is not mandatory for the criminal offense. That is the minimum. We can give him plenty of leeway on the 15, but what about the 2 or the 5? Well, I think that is our overarching point. Had this error been raised at the time, all the district court would have had to say was, okay, well, then I'll impose 2 for the revocation, but it would have been free to impose 18, for example. But why did we cross-appeal that sentence on the second CP violation? So aren't you and the district court bound by the 15-year sentence imposed for that count of conviction so that at best on remand the district court could impose an additional 2 years for the 3583K violation and the sentence would be capped at 17 years? No, and I think there are a few reasons why that's not true. The first is if you look at ER 94, which is the defendant's notice of appeal, the defendant did appeal from both the conviction and sentence on the criminal case, just as he did in the revocation matter. Before us, right, the conviction on the underlying offense. Correct, and the sentence has been appealed. Now, he didn't make an argument in his opening brief, but the cross-appeal rule does not require the government to cross-appeal from a judgment that it agrees with, especially when the defendant has already noticed an appeal from that judgment. I'm also wondering what you would appeal, what the appeal would be. I mean, you would have to say the district court abused its discretion in imposing the 15 years, and what would the basis for that be? Well, Judge Ikuda, I think that is exactly right. What is unusual here is basically what the defendant is saying is the government should have crossed appeal from a judgment that it agreed with, that the defendant had already noticed an appeal from, so it was already going to be before the court. In order to preserve its ability to make an argument in defense of the overall sentence in response to an argument that wasn't raised until he filed his opening brief, long after the time for cross-appealing had passed. That doesn't make much sense, but it also is not fair to the district court, because as we've explained, the district court went to great lengths to combine these two judgments, and Mr. Hansen agreed with that approach. Are you arguing there that this is then a sentencing package? It is a sentencing package, certainly. If it's a sentencing package, then should we send the whole package back to the district court? If this court is inclined to remand, and again, we don't think there's any need to remand under the plain error standard, but if the court is inclined to remand, we think that that would be the appropriate result. Because otherwise, what the defendant is saying is, had he raised this in a timely fashion, the district court could have fixed it. But by not raising it in a timely fashion, by raising it late, he has somehow prevented the district court from doing that, and he gets a windfall by having three years knocked off of his sentence. But how is it fair if the defendant didn't challenge the 15-year sentence that he got on the first count to come back and increase that sentence to 18 in order to achieve the 20-year sentence on the appeal? That's what's bothering me. Well, I think a couple of answers, Judge Tallman. First, he has challenged in his notice of appeal both the conviction and sentence. Well, yeah, but the sentence challenge is to the 3583-K. In his brief, yes. But I don't think he ever challenged the 15-year sentence. The 15-year sentence imposed on this, I'll call it the substantive offense. That's right. Our only point is it is certainly within this court's jurisdiction to send both back because he has appealed for both. But I'm wondering if we shouldn't send it back with instructions to the district court that you may not impose more than 15 years on the substantive count. Well, I think that – I actually think that would be unfair because we know that the total term that he has been sentenced to is 20 years. And one of the main reasons that the district court imposed that sentence is because it is squarely within the middle of the guidelines range for his criminal conviction. Well, but it seems to me that what you're trying to do is skirt the problem. The problem is if this isn't a sentencing package  we could send the excess back for another sentence. And that would be what the defendant would be asking. So you've got to argue that it's a sentencing package. If we find it isn't a sentencing package, then you didn't appeal anything. And then we'd have to come along and say, well, we'll excuse the fact they didn't appeal because this is a little unambiguous. So we'll excuse that. In order to get to where you're going that we would have 20 years to look at. Otherwise, if this isn't a sentencing package and you didn't appeal, then we would send this back for nothing more than correcting the error in the revocation sentence. Well, I think that our argument is that it is a sentencing package. Well, let me ask you about the sentencing package just for one moment if I could interject. So in our sentencing packaging cases, the other counts, the sentences on the other counts were not appealed, isn't that right? It's just we vacated everything. Somehow we thought we had the authority to do so, but there's a long line of cases. So we just vacated the sentences on all the other counts that were not appealed and sent it back for the court to do a complete sentence, isn't that? Yes. I mean, that is the standard practice in courts of appeals throughout the country. It is the practice that the court, the Supreme Court endorsed in Green Law. And there the court, I think, and this is important for this case, the court explained that when the government is not seeking to expand the overall sentence that the defendant has received, it's not trying to keep the defendant in prison longer than he would be under the sentence he currently has, then there's no need to cross-appeal because the government isn't trying to expand its rights. Here, he is going to serve 20 years in prison. We are saying that he should continue to serve 20 years in prison even if this error is corrected before the district court. But the only way you get there is by changing the sentence on the substantive count. That's right. For 18 years. That's right. Is that what happens in all of the sentencing bundling package cases? Yes, that is what happens. But the reason, Judge Tallman, that we can get there is – I just had one of these sentencing cases on a prior calendar, and there were four counts of conviction, and the district court imposed concurrent sentences on all four counts, but they were for the same amount of time. And the defendant successfully challenged one or two of the four counts, and so we remanded to permit the district court to conduct on an open record a new sentencing with a lower sentence on the two counts that the defendant had successfully convinced this was error. In that case, the district court could clearly impose the same sentence of 30 years because there was no attack on the other two counts for which concurrent sentences were imposed. But this is different. I mean, typically a sentencing bundling involves multiple counts, let's say, of a drug conviction. Here we have a substantive violation, the second CP account, and for convenience the district court consolidated the sentencing involving the supervised release violation. And it seems to me that that's different from the typical sentencing bundling case. I see my red light is on. Well, do you have a case that says, no, it's actually just a sentencing bundling issue? Well, candidly, we have not found a case that addresses precisely this circumstance. There are obviously a number of cases dealing with sentencing package issues in general, and we think that the same principles apply here. Now, what the Supreme Court has said. What you're really saying, just so I understand, there is no precedent for suggesting that this is a sentence package when it has to do with a sentence about a crime charged and a revocation. Well, not that specific scenario, no. We have not been able to find a specific case where that involved. Well, that's what I said. We have not found that. There's no case saying that that can be bundled, right? Well, there is no case saying that that cannot be bundled, and, in fact, those ---- I understand you want to change that. I understand you want to change what I said. My question is there's no case saying it can be bundled. Now we're looking at the circumstances of this particular case and reading what the judge said, right, to determine whether he really bundled it or not. That's correct. And at that point, we have to read the transcript, and we have to buy your idea that he always wanted 20 years. But supposing we don't buy that idea, supposing we buy the idea he wanted 15 years and whatever the excess was, then at that point aren't we okay in sending it back, simple for a resentencing on the revocation sentence? I think if this court were to conclude that what the district court really wanted was only 15 years max on that child pornography conviction, which would be a substantial downward departure from the guidelines range. It's not a departure at all. That's what he gave. That's right. We don't. He's giving 15 years. That's right. But I think you would have to then take into account the fact that he thought that there was this other sentence that was going to be added to it that would then bring him within the guidelines range. However, what I would note is if ---- Pardon for interruption, but you're overlooking the fact that a violation of supervised release doesn't even have to be a crime. I mean, you could be punishing the defendant because he associated with known felons in violation of terms and conditions. Correct. And to my way of thinking, that's a different animal than bundling counts of conviction for criminal violations in one sentencing proceeding.  But I think where it is a crime and where the defendant has been separately charged and convicted of that offense, it is not at all uncommon for courts to view these as part of the same overall sentence, and that's because the criminal conviction is, in fact, what triggers the revocation. Am I not correct? The sentencing guidelines don't even apply to supervised release. That's correct. Right. So you're trying to engraft our criminal case law in interpreting sentencing guidelines in bundled cases where the guidelines do apply to each count to a supervised release violation that happens to be sentenced at the same time that we're sentencing a count of conviction, which is covered by the sentencing guidelines. I don't think so, Judge Tallman. I think what we're saying is that when a district court has multiple things before it,  which involved a 924C consecutive sentence and a sentence on the underlying count, when the court has two different things before it and it needs to decide what should the overall sentence for these be, it can consider both of the sentences that it's going to be imposing in deciding what is the appropriate sentence overall. And that is all the district court did here. Now, if the court is concerned, Judge Smith, going to your question, if the court is concerned that perhaps the district court thought that really 15 years was the only appropriate sentence for the criminal conviction and then whatever else was added on that would be appropriate no matter what that amount was, I think the appropriate result at that point is to send it back so that the district court can tell us if, in fact, that is what it thought. And the appropriate way to do that is simply to send it back so that the district court can reconsider its sentencing package and determine whether, in fact, that is what it wanted to do. This court can do that because Mr. Hansen has appealed from both judgments. They are both properly before the court today. There would be no inaccuracy in proceeding in that manner. And so that is what we think should happen if the court decides that it should be remanded. Thank you. I think we're good. Thank you. We'll give you a minute for rebuttal. Thank you. I just wanted to respond to the point that the court should put any significance at all in the fact that the notice of appeal checked the box for conviction and sentence. You know, notice of appeals are filed before an attorney has a chance to review the record. I was generally taught to always check both. And from my memory, when I actually researched this before, there is no significance to the fact that one or the other box is checked. And, in fact, even if you just checked you're appealing the sentence, you could still go back in your briefs and appeal the conviction and still do that. So it doesn't provide any notice to the government that we were appealing the sentence. And the fact that you didn't brief or raise that issue in your opening brief, I mean, in another circumstance we'd find it to be a waiver. Right. So I think you're right. I don't think that the designation on the notice of appeal answers the question. Thank you. Okay. The case of United States v. Tommy Hansen is submitted.
judges: Tallman, Ikuta, N.R. Smith